Pledger L. BURKHALTER, Jr.,
v.
LIBERTY MUTUAL INSURANCE COMPANIES, Inc., et al.
No. 15245.

United States Court of Appeals,
Fifth Circuit.
March 30, 1955.

Pledger L. Burkhalter, in pro. per.

James Whitehurst, Brooksville, Fla., T. J. Jennings, Jr., Green Cove Springs, Fla., Marks, Gray, Yates & Conroy, Neal D. Evans, Jr., and Osborne, Copp and Markham, Jacksonville, Fla., Richard C. Gordie, and Thomas J. Rivers, Green Cove Springs, Fla., John S. Duss, III, Stubbs & Hardin, Jacksonville, Fla., Fagan & Crouch, Gainesville, Fla., for appellees.

P. Guy Crews, Jacksonville, Florida, in pro. per.

Harry J. Gottberg and Frances Gottberg, Starke, Fla., in pro. per.

R. A. Green, Starke, Fla., in pro. per.

Before HUTCHESON, Chief Judge, TUTTLE, Circuit Judge, and DAWKINS, District Judge.

PER CURIAM.

Demanding judgment for $43,399,000 from many defendants, individual and corporate, and the Florida Bar Association Grievance Committee for the Fourth Judicial Circuit of Florida, plaintiff, a citizen of Florida, without legal training or competence, filed this suit in propria persona, alleging in support of the invoked jurisdiction neither diversity of citizenship nor the presence of a federal question, and stating in support of his demand no coherent or justiciable claim.

The defendants moving, for more definite statement, to strike, and to dismiss, the whole matter of the suit was set for hearing and taken up in open court, and plaintiff and defendants appeared, plaintiff in person and the defendants in person or by counsel.

A full hearing followed, in the course of which stipulations of fact were reached by agreement of the parties, and the court received in evidence and considered

the transcript of record in Cause No. 21235–L division E of the Circuit Court for Duval County, Florida, wherein the plaintiff in this suit was plaintiff and the Liberty Mutual Insurance Company was defendant.

At the conclusion of the hearing the district court found and concluded that no jurisdiction by reason of diversity or the presence of a federal question was made to appear, "that the complaint on its face is nothing more than a conglomerate mass of frivolous and patently reckless assertions and could with propriety have been dismissed by the court of its own motion", and dismissed the complaint without leave to amend.

Appealing from the judgment and appearing here in his own behalf by brief and in person, plaintiff, as might be expected on such a record, points to nothing in the record which in any manner supports federal jurisdiction or impeaches the action and judgment of the district court in dismissing the complaint without leave to amend.

The judgment is accordingly affirmed.